IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BARBARA ANDREWS**, *et al.*, § § §<br>Plaintiffs, §<br>v. §<br>§<br>**ROSEWOOD HOTELS & RESORTS,** §<br>**LLC, AND TY WARNER HOTELS,** §<br>**& RESORTS, LLC,** §<br>§<br>Defendants. § | Civil Action No. **3:19-CV-01374-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Modify Scheduling Order and for Leave to Amend, and Brief in Support (Doc. 72), filed on September 8, 2021. After careful consideration of the motion, brief, response, reply, pleadings, and hearing on October 6, 2021, and applicable law, the court **denies** Defendants' Motion to Modify Scheduling Order and for Leave to Amend.

**I.  Background**

This action arises from the death of Douglas Andrews ("Mr. Andrews"), who died in September 2017 while on vacation with his wife Barbara Andrews ("Mrs. Andrews") and their friends after he sustained injuries from a fall as he attempted to enter an infinity pool at Defendants' Las Ventanas al Paraiso Resort in Los Cabos, Mexico. This action was removed from the 298th Judicial District Court of Dallas County, Texas, to this court on June 7, 2019. In its initial Scheduling Order (Doc. 6), filed on July 31, 2019, the court set January 31, 2020 as the pleading amendment deadline. The court filed the Amended Scheduling Order (Doc. 25) on June 18, 2020, in response to the parties' Joint Motion to Continue Trial Setting and Modification of Scheduling Order (Doc. 24), filed on June 17, 2020. Thereafter, the court filed its Second Amended Scheduling Order (Doc. 37) on October 16, 2020, in response to the parties' Joint Motion to

Continue Trial Setting and Modification of Scheduling Order (Doc. 24), filed on October 1, 2020. In that Order, the court set November 1, 2021 as the trial date for this action.

Defendants filed this motion before the court on September 8, 2021, *over 19 months* after the expiration of the deadline to amend pleadings as set forth in the court's initial scheduling order. In their motion, Defendants seek modification of the court's initial scheduling order and leave to file their First Amended Answer to include the "affirmative defenses of contributory negligence, failure to mitigate, and open and obvious condition." Defs. Mot. 2. Defendants argue that, despite their due diligence, they could not have, in good faith, reasonably met the January 31, 2020 amendment deadline because they were unable to conduct an appropriate and thorough investigation to ensure that there was evidence to support their anticipated defenses, as required by Rule 11. *Id.* at 10. To support their position, Defendants contend that, between July 2019 and January 2020, they engaged in initial written discovery to prepare for depositions and find expert witnesses to support their affirmative defenses and received Mrs. Andrews's initial description of the events on December 9, 2020, over eight weeks prior to the deadline. *Id.* Defendants also contend that "the COVID pandemic struck, delayed the ability to schedule the depositions beyond the January 31, 2020, pleading amendment deadline in the Scheduling Order, and forced two extensions of the discovery deadline."[1] *Id.* at 11.

Plaintiffs respond that Defendants' motion should be denied because they have been aware of the facts that support their proposed affirmative defenses since the accident occurred in

---

[1] Additionally, Defendants contend that the inability to inspect the premises in Mexico also contributed to the delay of their request to amend their pleadings. *See* Defs. Mot. 12. The court does not find this contention persuasive for at least two reasons. First, Plaintiffs—not Defendants—moved to compel the site inspection on July 15, 2020, which was over five months after the amendment deadline expired. Second, during the period between the court's initial Scheduling Order (Doc. 6), filed on July 31, 2019, and the expiration of the deadline, January 31, 2020, at least one Defendant owned and managed the premises.

**Memorandum Opinion and Order - Page 2**

September 2017 and, in the alternative, at various times during the litigation of this action. *See generally* Pls. Resp. at 7-17. Further, Plaintiffs argue that Defendants intentionally allowed the amendment deadline to pass, then intentionally failed to seek extensions when it had opportunities to do so prior to the "eve of trial." *Id.* at 1-2. Moreover, Plaintiffs point out that Defendants did not request to depose Plaintiffs, including Mrs. Andrews, until March 1, 2021.[2] *Id.* at 4. Plaintiffs also contend that the reports prepared by Defendants' designated expert witnesses "mirror" their affirmative defenses, yet "Defendants cite no facts that they learned after their experts provided their reports that were necessary for them to assert their affirmative defenses." *Id.* at 17. Finally, Plaintiffs contend that Defendants ignored the court's admonition included in each scheduling order that "[a] motion for an extension of any deadline set herein must be made prior to its expiration." Scheduling Order (Doc. 6); Amended Scheduling Order (Doc. 25); Second Amended Scheduling Order (Doc. 37).

## II.  Legal Standard – Modification of Scheduling Order for Amendment of Pleadings

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535

---

[2] Mrs. Andrews was deposed via Zoom on March 23, 2021. Defs. Mot. 4 n.3; Pl. Resp. 4.

(citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. at 536 (internal quotation marks, brackets, and citations omitted). "The good cause standard focuses on the *diligence* of the party seeking a modification of the scheduling order." *E.E.O.C. v. Serv. Temps, Inc.*, 3:08-CV-1552-D, 2009 WL 3294863, at *2 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012) (citation and quotation marks omitted) (emphasis added).

### III.  Discussion

The court now considers each of the factors in turn, with emphasis on the issue of Defendants' diligence in seeking to modify the scheduling order to allow them to file their amended answer. First, Defendants did not adequately explain their failure to timely move for leave to amend their pleadings. In open court, at the hearing on this motion held on October 6, 2021 ("the hearing"), counsel for Defendants readily admitted that they "*could*" have filed a motion to extend the deadline or otherwise alert the court of their intention to amend their answer. Counsel offered no plausible explanation why this was not done. This acknowledgement cuts against Defendants because it shows that they (1) were not diligent in seeking modification of the scheduling order, and (2) had no explanation for failing to meet the amendment deadline or timely request leave to amend. The court is not persuaded that Defendants were unable to meet the amendment deadline despite their due diligence. Stated differently, there was no impediment to the ability of Defendants to file a motion to extend the deadline to amend the pleadings prior to its

expiration. Defendants have altogether failed to explain why they could not or did not request an extension any time prior to filing the motion. Further, the court determines that Defendants had sufficient knowledge of the facts prior to the expiration of the amendment of pleadings deadline to timely file amended pleadings. Their knowledge of the facts "accents [their] inability to explain the delay." *See E.E.O.C.*, 679 F.3d at 334.

Second, the court agrees with Defendants' contention that "[a]mendments which would assert affirmative defenses are by definition important." Defs. Mot. 12. The court also agrees with the observation made by Plaintiffs that the "importance of the amendment simply underscores Defendants' necessity to have timely asserted their defenses or to have timely moved for leave to amend." Stated differently, the importance of an amendment does not by itself absolve Defendants of their responsibility to timely move to amend or to otherwise adhere to deadlines set by the court. Further, the importance of the amendment does not outweigh the Defendant's lack of diligence in seeking modification or an explanation thereof.

Third, the court acknowledges the potential prejudice Plaintiffs argue they would face if Defendants are granted leave to file amended pleadings. Plaintiffs argued at the hearing that additional discovery, including depositions of Defendants' expert witnesses, would be necessary to properly prepare to oppose the proposed affirmative defenses at trial. Additionally, they contend that they would be prejudiced by having to file a motion for summary judgment at this stage of litigation, as they contend would be their course of action if Defendants' motion were granted. *See* Pls. Resp. 22. Defendants respond that none of the "affirmative defenses constitute[s] any 'surprise' to Plaintiffs," as "[e]ach defense has been consistently asserted throughout the case." Def. Mot. 13. Moreover, Defendants contend that Plaintiffs have designated three rebuttal experts to "contradict and negate" the proposed affirmative defenses. Def. Reply 6. Plaintiffs stated at

**Memorandum Opinion and Order - Page 5**

the hearing, however, that they prepared their case for trial based on the filed pleadings, and, weeks before trial is scheduled to commence, Defendants' proposed affirmative defenses that have not been pleaded. According to Plaintiffs, therefore, they would be prejudiced by the need to adjust their trial strategy to address these defenses. The court need not determine whether Plaintiffs would be prejudiced by granting Defendants' motion because, even if there were no potential prejudice to Plaintiffs, Defendants' failure to explain their delay and exercise due diligence outweighs any lack of potential lack of prejudice or any of the other factors the court considers in assessing good cause.[3] *See E.E.O.C.*, 679 F.3d at 334.

Finally, Defendants argue that granting the motion would not require a continuance because "[t]here would be no 'prejudice' to 'cure.'" Def. Mot. 14. Plaintiffs contend, however, that a continuance would "exacerbate, not eliminate, the prejudice," as amendment would "necessitate delaying the trial, reopening discovery, and extending the dispositive motion deadline." Pl. Resp. 23. Both parties informed the court at the hearing that their desire is to proceed to trial as soon as possible.[4] While a continuance may cure some potential prejudice, if any exists, the court is concerned that doing so may in fact *cause* Plaintiffs prejudice. The court therefore is reluctant to take such a leap in the dark. Moreover, the court is not obligated to reward litigants for their failure to comply with the court's scheduling order or make a timely request for

---

[3] In their Reply—and at the hearing—Defendants rely on *Cunningham v. LeGrand*, CIV.A. 2:11-0142, 2012 WL 3028015, at *2 (S.D.W. Va. July 24, 2012). This case is of no utility to the court, as it is from the United States District Court for the Southern District of West Virginia, and the Rule 16(b) good cause standard that court analyzes is wholly distinct from Fifth Circuit precedent.

[4] As the court previously informed the parties, the trial date for this action will be postponed due to the court's criminal docket and criminal cases set for trial in late October and early November. The court will file a separate order resetting the pretrial deadlines and trial date.

modification or extension, especially when they, like Defendants here, readily admit that they *could* have done so.

## IV. Conclusion

For the reasons herein stated, Defendants have failed to establish good cause for the court to allow them leave to amend their pleadings at this late stage. As Defendants have not established good cause pursuant to Rule 16(b), the court does not address the parties' arguments made pursuant to Rule 15(a). Accordingly, the court **denies** Defendants' Motion to Modify Scheduling Order and for Leave to Amend (Doc. 72).

**It is so ordered** this 8th day of October, 2021.

　　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　　United States District Judge